DUGAN v. WM. CAMERON & CO., Inc.

No. 3541.

Court of Civil Appeals of Texas. El Paso.

May 13, 1937.

W. C. Jackson, of Fort Stockton, for appellant.

Collins, Jackson & Snodgrass, of San Angelo, for appellee.

WALTHALL, Justice.

Appellee, a private corporation, brought this suit in the district court of Upton county, Tex., against W. E. Dugan to recover upon a promissory note, interest due thereon and attorney's fee, provided in the note, and to foreclose a deed of trust given to secure the payment of the note.

The note was executed on the 3d day of April, 1931, by E. S. Dugan, acting as agent and attorney in fact for W. E. Dugan.

The note is payable in Upton county, is for the sum of $2,132.86, interest from date at the rate of 10 per cent. per annum, interest due and payable monthly, .and with all past-due principal and interest on the note bearing interest at 10 per cent. per annum from maturity dates until paid. The principal of the note is made payable in monthly installments of $100 each, the

first monthly payment being due on May 3, 1931, and a like payment due on the third day of each succeeding month thereafter until the note is paid. The note provides that if note is not paid when due, and is placed in the hands of an attorney for collection, 10 per cent. additional is added on the principal and interest then due as attorney's fees.

The petition alleges there has been paid on the note only the following sums: Then follow numerous payments made, demand and failure to pay, and the placing of the note with attorneys for collection.

The petition then alleges the execution by said agent and attorney in fact of a deed of trust on certain real estate in Upton county, described, to secure the payment of the note, principal, interest, and attorney's fees, and the legal effect of the deed of trust.

The petition prays for citation, for judgment and foreclosure of the deed of trust and relief, general and special.

Answering, defendant pleaded payments on the note sued on in addition to the credits admitted in the petition, which payments defendant itemizes and alleges over pays the amount due of the note sued on, and for which alleged excess in payment defendant sues.

The case was tried with a jury. At the conclusion of the evidence, on motion of plaintiff, the court instructed the verdict for plaintiff.

The charge is as follows:

"Gentlemen of the Jury:

"You are instructed to return a verdict for the plaintiff herein, and one of your number, as foreman, will sign and return the following as your verdict:

"'We, the jury, find for the plaintiff, Wm. Cameron and Co. Inc.

"'[Signed]  W. G. Bough, Foreman.'

"Joe Montague, Judge Presiding."

Upon the verdict as returned, the court entered judgment for plaintiff in the sum of $634.96, with interest from the date of the judgment, and attorney's fee, with interest thereon from the date of the judgment.

The court entered an order foreclosing the deed of trust lien upon the real estate described in the petition and deed of trust.

The court overruled defendant's motion to set aside the judgment, to which defendant excepted and, in open court, gave notice of appeal, and in due time has perfected this appeal.

### Opinion.

Appellant filed assignments of error in the trial court.

The assignments of error were not copied in appellant's brief, and on appellant's motion, appellant's assignments of error were filed in this court as an amendment to his brief and supplementing same with the motion for a new trial and assignments of error filed in the trial court.

■ We think plaintiff was entitled to the interest provided in the note, and the calculations for interest should be on the rate of 10 per cent. per annum, and not 8 per cent. as contended for by appellant.

The case comes to this court with such confusion in the record as to the facts that we have not been able to make a satisfactory statement of facts upon which to base an opinion.

■ The amount due plaintiff is disputed in this case according to the statement of facts. The note introduced in evidence shows three apparent credits which the district court did not allow. They aggregate $184. In his brief appellee states that these are not credits, but notations made after the note was introduced in evidence, and which were inadvertently included in the statement of facts. This makes an issue of fact that we cannot determine. This court must accept the record as it finds it.

We have concluded to reverse and remand the case, and it is so ordered.

HIGGINS, Justice.

I concur in the reversal and remanding of this cause for the following reasons:

1. The issue involved in this case is the amount of the balance, if any, due upon the note sued upon. The verdict in this case does not find such amount, and leaves wholly undetermined the controlling issue in the case. The verdict is insufficient to support the judgment rendered.

2. In the state of the evidence, an issue of fact is raised as to the credits upon the note to which the defendant is entitled, and it was not permissible for the court to peremptorily instruct a verdict for the plaintiff, and then calculate

the amount of the balance due upon the note.

3. The credits indorsed upon the note are prima facie evidence of credits to which the defendant is entitled, and, in the absence of evidence to the contrary, such credits should have been allowed. As shown by indorsements upon the note, as it appears in the statement of facts, it is clear the judgment in this case is for an excessive amount.